UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FRANK J. HAYES, # 79310                                                                PETITIONER

V.                                                       CIVIL ACTION NO.: 3:11-cv-305-DPJ-FKB

STATE OF MISSISSIPPI                                                                  RESPONDENT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This habeas matter is before the Court for consideration of dismissal. Petitioner Frank J. Hayes is a pre-trial detainee at the Hinds County Detention Center. Proceeding *pro se*, Hayes filed a habeas petition under 28 U.S.C. § 2241 [1] and an amended petition [6] asking the Court to dismiss a pending state-court charge of aggravated assault. The Court has considered and liberally construed his pleadings and concludes that the petition should be dismissed without prejudice.

I.      Facts and Procedural History

On May 27, 2010, Hayes was arrested by the Jackson Police Department and charged with aggravated assault. Since then, he has been detained at the Hinds County Detention Center. Though Hayes received an initial appearance on May 28, 2010, and is represented by counsel, he claims the State never formally indicted him and never provided a trial or any other hearing date. Hayes further complains that the State has never explained "the essential facts constituting the offense charged." Pet. [1] at 2. He asks the Court to dismiss the State charge.

II.     Analysis

Hayes seeks dismissal of the aggravated-assault charge because the State failed to prosecute his case. Reading these *pro se* pleadings liberally, Hayes is asserting his right to a

speedy trial under the Sixth Amendment.  Lack of a speedy trial constitutes an affirmative defense to a criminal action.  And absent "special circumstances," federal habeas corpus is not available "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).  The sixth amendment right to a speedy trial is not "a *per se* 'special circumstance.'" *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987).

There is, however, a limited exception to this rule.  As stated in *Dickerson*, "there is a distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense . . . prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial."  816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).  "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus."  *Id.*

Applied to Hayes's petition, the Court finds that he is not entitled to habeas relief because his sole prayer is for the dismissal of the state-court charges.  *Id.*  And even if his petition could somehow be liberally construed as a plea for mandamus directing the state to prosecute, the claim would still fail for failure to exhaust.  *See id.* at 225, 228.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Petitioner Frank J. Hayes's [1] Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 21st day of October, 2011.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE